1
2
3
4                      UNITED STATES DISTRICT COURT
5                           DISTRICT OF NEVADA
6                                   * * *
7   SATICOY BAY LLC SERIES 4119            Case No. 2:22-cv-00558-RFB-BNW
    DEMOLINE CIRCLE TRUST,
8                                                       ORDER
                    Plaintiff,
9
         v.
10
    WELLS FARGO BANK, N.A. et al.,
11
                    Defendants.
12

13
## I.    INTRODUCTION
14
15          Before the Court are two motions: Defendant NewRez LLC (doing business as Shellpoint
16  Mortgage Servicing Company) ("Shellpoint")'s Motion to Dismiss (ECF No. 17), and Shellpoint's
17  Motion for Summary Judgment (ECF No. 26).  For the reasons stated below, the Motion for
18  Summary Judgment is granted, and the Motion to Dismiss is denied as moot.

19
## II.    PROCEDURAL BACKGROUND
20
21          Saticoy Bay filed its complaint in the Eighth Judicial Court, Clark County, on March 17,
22  2022, and named "New Rez LLC d/b/a Shellpoint" as one of three named Defendants in that action.
23  ECF No. 1-1.  Shellpoint filed a petition for removal on April 1, 2022.  ECF No. 1. On April 11,
    2022, Saticoy Bay and Defendant Wells Fargo entered a stipulation of dismissal.  ECF No. 5.   On
24  April 12, 2022, the Court granted the stipulation, and Wells Fargo was terminated from the lawsuit.
25  ECF No. 6.  On May 4, 2022, the parties submitted a joint status report regarding removal.  ECF
26  No. 16.  On May 9, 2022, Shellpoint filed its motion to dismiss.  ECF No. 17. On May 24, 2022,
27  the Court issued a scheduling order and Discovery was due by November 7, 2022.  On September
28  8, 2022, Saticoy Bay filed its opposition to Shellpoint's motion to dismiss and a motion for

extension of time to file its opposition.  ECF No. 22.  On September 15, 2022, Shellpoint filed a reply in support of its motion to dismiss and separately opposed Saticoy Bay's request for an extension of time to oppose the motion to dismiss.  ECF Nos. 23, 24.   On September 24, 2022, Saticoy Bay filed its reply in support of its motion for an extension of time. ECF No. 25.

On December 7, 2022, Shellpoint filed a motion for summary judgment. ECF No. 26.  On December 27, 2022, Saticoy Bay filed its opposition to the motion for summary judgment. ECF No. 27.  On February 7, 2022, Shellpoint filed its reply in support of its motion for summary judgment.  ECF No. 34.

### III.    FACTUAL BACKGROUND

The Court finds that the following facts are undisputed.

Original borrowers Fauzia Lodhi and Wajid Lodhi financed the purchase of the real property located at 4119 Demoline Circle, Las Vegas, NV 89141 ("subject property") with a $360,000 loan secured by a deed of trust. The deed of trust was assigned to Specialized Loan Servicing LLC and recorded on May 12, 2020.  Shellpoint is the current loan servicer under the deed of trust.  Bella Vicenza Homeowners Association (HOA) sold the property to Saticoy Bay at a foreclosure sale on August 29, 2019.  The HOA recorded a foreclosure deed on November 4, 2019.  The trustee under the deed of trust commenced a non-judicial foreclosure by recording a notice of default (dated June 6, 2018) against the property on June 8, 2018.  The notice of default identifies the loan was due for the January 2018 payment. The trustee recorded a notice of sale against the property on October 25, 2018, setting the sale for November 28, 2018.  The notice of sale stated that, as of October 25, 2018, the amount due on the loan was $359,451.83.

A notice of rescission of the notice of default was recorded on March 26, 2020.  That notice represents that, as of March 26, 2020, the amount due on the loan was $360,000.00.  There is no currently scheduled sale of the property pursuant to the deed of trust.

Prior to the commencement of this action, payoff statements were provided to the original borrowers by prior servicers.  On November 8, 2019, a payoff statement was faxed to the original borrowers (and informed them that the amount provided accurate through December 5, 2019) by Wells Fargo.  The November 8, 2019 payoff statement stated that the amount due on the loan was

1    $381,344.22.   Thereafter, a second payoff statement dated September 30, 2021 was sent to the

2    original borrowers by Defendant National Default Servicing Corporation.  The letter's subject line

3    stated: "Notification Pursuant to Nevada Revised Statutes § 107.0805(1)(b)(3)."   The letter stated

4    that, as of September 30, 2021, the "current unpaid amount of the principal obligation under the

5    Deed of Trust" was $338,647.79, that the "total amount of accrued interest" was $52,316.42, and

6    that the "amount of accrued late charges" and "fees imposed in connection with the power of sale"

7    were $429.64 and $330.00 respectively.

8            Prior to the commencement of this action, Saticoy Bay received a payoff statement in

9    January 2022 stating the payoff amount was $415,422.06.  While litigating this matter, Saticoy

10   Bay received a payoff statement in May 2022, stating that the payoff amount was $417,990.20.

11           The Court finds no material facts to be in dispute.

12

13   **IV.    LEGAL STANDARD**

14            Summary judgment is appropriate when the pleadings, depositions, answers to

15   interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

16   genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

17   Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

18           When considering the propriety of summary judgment, the court views all facts and draws

19   all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of Anaheim,

20   747 F.3d 789, 793 (9th Cir. 2014).  If the movant has carried its burden, the nonmoving party

21   "must do more than simply show that there is some metaphysical doubt as to the material facts ….

22   Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving

23   party, there is no genuine issue for trial."  Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in

24   original) (internal quotation marks omitted).  It is improper for the Court to resolve genuine factual

25   disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of

26   Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

27           /

28           /

### V.     DISCUSSION

Discovery closed in this case on November 7, 2022.  No party moved to extend discovery deadlines or reopen discovery.  Furthermore, at no point has Saticoy Bay sought leave of Court to amend its Complaint. Saticoy Bay has also not made any disclosures pursuant to Fed. R. Civ. P. 26.  For the reasons stated below, Shellpoint's timely Motion for Summary Judgment is granted.

Saticoy Bay brought two claims in its Complaint.  First, it sued Wells Fargo, National Default Servicing corporation and DOES 1-10 for an accounting pursuant to NRS 107.220 et seq. Second, it sought declaratory relief against all Defendants (which includes Shellpoint). Specifically, Saticoy Boy asked the court for a "declaration of the parties' rights and duties, including a determination of the amount then due and owing based upon the evidence presented and as of the date of the determination by this Court."

The first claim for an accounting applies to all originally named Defendants *except* Shellpoint. The request for declaratory relief against Shellpoint is not explicitly related to a cause of action specified in the Complaint. See 28 U.S.C. §§ 2201, 2202; Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. . . . It only permits the district court to adopt a specific remedy when jurisdiction exists.") (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-74 (1950)).  Shellpoint construes the Complaint as raising an accounting claim against Shellpoint pursuant to NRS § 107.200 and NRS § 107.210.  The Court agrees, and notes that Saticoy Bay fashions this claim for the first time in its belated opposition to Defendant's Motion to Dismiss.

Pursuant to NRS § 107.200, beneficiaries of a deed of trust must provide authorized persons loan information within 21 days of receiving an information request. The statement provided must include the following eight pieces of information: 1. The amount of the unpaid balance of the debt secured by the deed of trust, the rate of interest on the unpaid balance and the total amount of principal and interest which is due and has not been paid; 2. the amount of the periodic payments, if any, required under the note; 3. the date the payment of the debt is due; 4. the period for which real estate taxes and special assessments have been paid, if that information is known to the beneficiary; 5. the amount of property insurance covering the real property and the

term and premium of that insurance, if that information is known to the beneficiary; 6. the amount in an account, if any, maintained for the accumulation of money for the payment of taxes and insurance premiums; 7. the amount of any additional charges, costs or expenses paid or incurred by the beneficiary which is a lien on the real property described in the deed of trust, and 8. whether the debt secured by the deed of trust may be transferred to a person other than the grantor.  NRS § 107.200.  When a request is made by an authorized person under this statutory provision, and a timely statement of information is not provided, the requesting party may receive statutory damages.  See NRS § 107.300 ("Penalty for failure to deliver statement; bar to recovery of certain damages") (providing a statutory award of $300.00 and any *actual* damages) (emphasis added).

Shellpoint argues that the Court can rule in its favor as to this claim, as a matter of law because Saticoy Bay never alleges, nor does any evidence in the record show, that it ever *requested* loan information from Shellpoint. This is a condition precedent to bringing a claim under NRS § 107.200. The Court agrees. "[The] party opposing summary judgment must direct [the court's] attention to specific, triable facts," S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003).  Furthermore, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment," Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001)   At no point has Saticoy Bay sought to amend its Complaint to raise any claim against Shellpoint, beyond its request for declaratory relief, which is untethered to any cause of action; Saticoy Bay has further failed to make any disclosures as required by Rule 26(a). See R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012) (noting that at trial, a party may not use "any information required to be disclosed by Rule 26(a) that is not properly disclosed.").  Saticoy Bay may not, at the summary judgment stage, oppose Defendant's motion without (1) challenging the undisputed facts and (2) citing to the record to show that it has even requested loan information from Shellpoint, and the way(s) in which Shellpoint's statement of information (in response to such a request) violated the statutory requirements.

Instead, Saticoy Bay merely argues that Shellpoint has not provided information that would allow Saticoy Bay to determine the accuracy of the payoff amounts.  As the Court has previously noted, ambiguous information to verify accuracy of the payoff amounts are not "required under

the plain language of the statute, however, and [Saticoy Bay] has not pointed to any case law interpreting the statute to require more detailed information or a means for the debtor to verify the information provided by the beneficiary of the deed of trust."  See Saticoy Bay LLC Series 970 Flapjack Drive v. Fannie Mae, Case No. 2:18-cv-00961-RFB-NJK 2018 U.S. Dist. LEXIS 90513 at **5-6 (D. Nev. May 31, 2018).

## VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Shellpoint's Motion for Summary Judgment (ECF No. 26) is GRANTED.

**IT IS FURTHER ORDERED** that Shellpoint's Motion to Dismiss is DENIED as moot. The Clerk of Court is instructed to close this case as to this Defendant only.

DATED March 27, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**